Filed 5/23/24  Moore v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ANGEL MOORE,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SACRAMENTO COUNTY,<br><br>        Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest. | C100703<br><br>(Super. Ct. No. 23FE018104) |

        This petition for writ of mandate by Angel Moore challenges a March 6, 2024 decision by respondent Sacramento County Superior Court denying bail.  Petitioner claims respondent court erred in denying her bail because she does not fall within any of

1

the exceptions to the general right to bail set forth in article I, section 12 of the California Constitution (section 12). We agree.

FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2024, petitioner was arraigned on a second amended complaint charging her with being an accessory after the fact in violation of Penal Code section 32. Following her arraignment, respondent court conducted a bail review hearing. The court denied petitioner's request for pretrial release or, alternatively, for bail in the amount of $25,000, and ordered that her bail remain set at no bail, finding that although she was eligible for bail, her "risk of nonappearance outweighs such eligibility." The court further found by "clear and convincing evidence that no less restrictive conditions, short of detention, will suffice."

On May 3, 2024, this court advised the parties that it was considering issuing a peremptory writ of mandate in the first instance and provided additional time to file any further opposition. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.) None was received within the time provided.

DISCUSSION

Petitioner claims she is entitled to bail based on section 12. Section 12 provides in relevant part: "A person shall be released on bail by sufficient sureties, except for: [¶] (a) Capital crimes when the facts are evident or the presumption great; [¶] (b) Felony offenses involving acts of violence on another person, or felony sexual assault offenses on another person, when the facts are evident or the presumption great and the court finds based upon clear and convincing evidence that there is a substantial likelihood the person's release would result in great bodily harm to others; or [¶] (c) Felony offenses when the facts are evident or the presumption great and the court finds based on clear and convincing evidence that the person has threatened another with great bodily harm and that there is a substantial likelihood that the person would carry out the threat if released."

Petitioner does not fall within any of the exceptions set forth in section 12. Accordingly, we find she is entitled to bail consistent with the reasoning of the court in *In re Kowalczyk* (2022) 85 Cal.App.5th 667, review granted March 15, 2023, S277910, which holds that persons who do not fall within any of the exceptions set forth in section 12 are entitled to bail. (*Kowalczyk*, at pp. 684-685.)

## DISPOSITION

Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue a peremptory writ forthwith and without oral argument. (See *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1243-1244; *Palma v. U.S. Industrial Fasteners, Inc.*, *supra*, 36 Cal.3d at p. 178.) Let a peremptory writ of mandate issue directing the Sacramento County Superior Court to: (1) vacate its March 6, 2024 ruling denying petitioner bail; and (2) hold a new bail hearing consistent with the procedures described in *In re Humphrey* (2021) 11 Cal.5th 135, which sets forth the relevant factors the court must consider in determining bail. (*Id.* at pp. 152-156.) This opinion shall become final immediately upon filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
MAURO, J.

/s/_____
MESIWALA, J.

3